INTERNATIONAL UNION OF AUTOMOBILE AEROSPACE AND IMPLEMENT WORKERS OF AMERICA (UAW). *ET AL.*, COMPLAINANTS-APPELLANTS, v. TOWNSHIP OF MAHWAH, NEW JERSEY. *ET AL.*, RESPONDENTS-APPELLEES.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1972—Decided June 12, 1972.

Before Judges SULLIVAN, LEONARD and COLLESTER.

*Mr. Paul Giblin* argued the cause for appellant Region 9, United Auto Workers Housing Corporation.

*Mr. Richard F. Bellman,* a member of the New York Bar, argued the cause for appellant National Committee Against Discrimination in Housing, Inc.

*Mr. Alfred S. Nugent, Jr.* argued the cause for respondents Township of Mahwah and members of the Township Committee (*Messrs. Orbe and Nugent,* attorneys).

*Mr. Thomas W. Dunn* argued the cause for respondents Planning Board of the Township of Mahwah and members of the Planning Board of the Township of Mahwah (*Messrs. Wittman, Anzalone, Bernstein & Dunn,* attorneys).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, filed a statement in lieu of brief on behalf of Division of Civil Rights (*Mr. David Ben-Asher,* Deputy Attorney General, of counsel).

*Mr. Michael R. Griffinger,* filed a brief on behalf of American Jewish Committee as *amicus curiae.*

*Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher,* filed a brief on behalf of the League of Women Voters of the United States of America, New Jersey and Bergen County, as *amicus curiae* (*Ms. Sarel M. Kandell,* attorney. for the League of Women Voters of the United States, of counsel; *Mr. Michael L. Rodburg and Mr. Stephen N. Dermer,* on the brief).

*Messrs. Mazer & Lesemann* filed a brief on behalf of the Fair Housing Council of Bergen County, as *amcius curiae* (*Mr. Kenneth S. Abraham, Mr. Peter Buchsbaum and Mr. Arthur J. Lesemann,* on the brief).

PER CURIAM. Complainants-appellants filed a complaint with the New Jersey State Division on Civil Rights (Division) alleging that respondent Township of Mahwah's zon-

ing ordinance and land use policies and practices thereunder were racially discriminatory and in violation of New Jersey Laws Against Discrimination, as well as contrary to state and federal constitutional guarantees of due process and equal protection of the laws.

Mahwah's current zoning ordinance requires that all future residential construction be single-family homes; construction of multi-family dwellings of any type is barred. The ordinance also requires that new single-family homes be built on lots no smaller than one acre.

Complainants charged that Mahwah is experiencing substantial industrial growth and that a number of industrial plants have located in Mahwah and employ a large number of lower income workers. It is alleged that Mahwah's zoning and land use policies and practices exclude from residency the large majority of the work force at the Mahwah plants because of their lower income, particularly black and Spanish-speaking persons. The Division was asked to assume jurisdiction of the complaint and order the township to submit for approval by the Division a new zoning ordinance which would provide for and insure the development of multi-family residential units to serve and meet the housing needs of persons employed in Mahwah.

The Division, after receiving a written opinion from the Attorney General that it did not have the statutory power to review municipal zoning practices, dismissed the complaint on the ground that it did not have jurisdiction "to evaluate charges of racial discrimination in zoning." Complainants appeal, the sole issue raised being whether the Division should have heard and decided the matter on its merits.

We affirm the Division order for the reason stated therein.

There is no doubt that the legislature by enacting the Law Against Discrimination, *N. J. S. A.* 10:5-1 *et seq.,* has granted the Division broad power "to prevent and eliminate discrimination in the manner prohibited by this act against persons * * * and to take other actions against discrimination

\* \* \* as herein provided" with "general jurisdiction and authority for such purposes." *N. J. S. A.* 10:5-6. However, the jurisdiction vested in the Division is over particular acts of discrimination.[1] It does not extend to charges of discrimination levelled against duly enacted zoning ordinances. The Division's power to issue a cease and desist order and take implementing affirmative action is simply not appropriate where zoning is involved. It is to be noted that the Division's power to enforce its own orders is limited to the filing of a complaint in the Superior Court.

*N. J. Const.* 1947 Art. IV, § VI, par. 2, provides that the Legislature may enact general laws under which municipalities other than counties may adopt zoning ordinances and that such laws shall be subject to repeal or alteration by the Legislature. In *N. J. S. A.* 40:55-30 *et seq.,* the Legislature, pursuant to the constitutional authorization, has enacted laws granting municipalities authority to adopt zoning ordinances. Review of these municipal legislative acts has always been in the courts. We find nothing in the Law Against Discrimination, *supra,* to suggest that the Division was given jurisdiction to pass upon a charge of racial discrimination involving a municipal zoning ordinance. Indeed, we are informed by counsel for complaints that no civil rights agency in any state has attempted to exercise jurisdiction in the field of zoning.

Our recent decision in *Blair v. Mayor, etc., Freehold,* 117 *N. J. Super.* 415 (App. Div. 1971), certif. den. 60 *N. J.* 194 (1972) is not at odds with the foregoing. In *Blair* all we held was that the Division on Civil Rights had jurisdiction to pass on charges of discrimination and unlawful employment practices involving admission procedures for membership in the borough volunteer fire department.

---

[1] We do not agree with the Attorney General's opinion that the Division's jurisdiction is limited to the acts of discrimination specified in *N. J. S. A.* 10:5-12. However, that section does indicate the type of discrimination the Division may "prevent and eliminate."

At oral argument of this appeal counsel for appellants conceded that the courts have full jurisdiction to hear and decide the critical issue (whether the Mahwah zoning ordinance is racially discriminatory), but suggested that the Division would be the more appropriate forum since it could establish state-wide uniformity and guidelines for zoning ordinances, whereas the courts could only act on a case-by-case basis.

We do not agree. A court ruling becomes the case law of this State. The courts have consistently established state-wide standards for municipal zoning ordinances. For a recent trial court decision showing how directly a court can deal with a charge of economic discrimination against the poor in a zoning ordinance, see *Southern Burlington County NAACP v. Mount Laurel Tp.,* 119 *N. J. Super.* 164 (Law Div. 1972). See also *Oakwood at Madison, Inc. v. Madison Tp.,* 117 *N. J. Super.* 11 (Law Div. 1971).

Our conclusion is that the Division does not have jurisdiction to adjudicate that a municipal zoning ordinance is discriminatory and must be revised.

Affirmed.